1  STANLEY E. KEEN
   Regional Solicitor
2  ROBERT M. LEWIS, JR.
   Counsel for ERISA
3  DANE L. STEFFENSON
   GA Bar No. 677780
4  Trial Attorney
   Office of the Solicitor
5  UNITED STATES DEPARTMENT OF LABOR
   61 Forsyth St., Room 7T10
6  Atlanta, Georgia  30303
   Telephone (404) 302-5435
7  Fax (404) 302-5438
   Email:  Steffenson.dane@dol.gov
8
   Attorneys for Petitioner,
9  United States Department of Labor

10              UNITED STATES DISTRICT COURT FOR

11            THE NORTHERN DISTRICT OF CALIFORNIA

12                    OAKLAND DIVISION

13  ELAINE L. CHAO, Secretary      ) Case No.
    of Labor, UNITED STATES        )
14  DEPARTMENT OF LABOR,           )
                                   )
15          Petitioner,            )
                                   ) **MEMORANDUM OF POINTS AND**
16            v.                   ) **AUTHORITIES IN SUPPORT OF**
                                   ) **PETITION TO ENFORCE**
17  MATTHEW J. DONNELLY d/b/a/ The ) **ADMINISTRATIVE SUBPOENA**
    BUSINESS APPRAISAL INSTITUTE,  ) ***DUCES TECUM***
18                                 )
            Respondents.           )
19                                 )

20          This is an action brought by ELAINE L. CHAO, Secretary

21  of Labor, United States Department Of Labor ("the Secretary"),

22  to enforce compliance with an Administrative Subpoena *Duces*

23  *Tecum* issued by the Regional Director of the Atlanta Regional

24  Office of the Employment Benefits Security Administration

25  ("EBSA") of the United States Department of Labor on March 13,

26  2008, in connection with an ongoing investigation conducted

27  pursuant to Section 504 of the Employee Retirement Income

28

Security Act of 1974 ("ERISA"), 29 U.S.C. § 1134 (the "Subpoena").  This Court has jurisdiction over this Petition pursuant to Sections 9 and 10 of the Federal Trade Commission Act, 15 U.S.C. §§ 49 and 50, as made applicable to ERISA by Sections 504(c) and 502(e)(1) of ERISA, 29 U.S.C. §§ 1134(c) and 1132(e)(1).  This memorandum of law is submitted in support of the Secretary's petition to compel Respondents to produce documents as demanded by the Subpoena duly served upon Respondents.

This Petition requests this Court to issue an Order for Respondents to show cause why they should not produce all documents requested by the Subpoena.  The requested documents are relevant to EBSA's investigation and Respondents' failure to provide the documents is impeding the Secretary's proper exercise of her lawful authority and responsibility to enforce and administer ERISA.

I.    **FACTS**

Respondent Matthew J. Donnelly ("Donnelly") is a California resident residing at 180 2nd Street, Suite 419, Oakland, California 94607.  Donnelly owns and conducts business as The Business Appraisal Institute ("BAI") pursuant to a Fictitious Business Name filed with the County of San Francisco on April 1, 2003.  Affidavit of Investigator Jennifer Del Nero In Support of Petition to Enforce Administrative Subpoena *Duces Tecum* ("JDN Aff.") at ¶ 4.  Respondents provided valuation services to Bruister & Associates, Inc. ("Bruister"), a closely-held corporation, and the Plans for several transactions in which the

1   Plans purchased Bruister stock from a Party-in-Interest.  JDN

2   Aff. at ¶ 3.  Respondents provided similar valuation services to

3   other ERISA-covered plans and plan sponsors in connection with

4   similar transactions involving employer securities that have no

5   generally recognized markets.  JDN Aff. at ¶ 7.  The amount

6   ERISA-governed plans paid for employer securities for which

7   Respondents provided the valuation are part of the subject of

8   the EBSA investigation being conducted pursuant to ERISA §

9   504(a), 29 U.S.C. § 1134(a).  Id. at ¶¶ 3-7.

10        At all times relevant hereto, the Secretary, through the

11  Atlanta Regional Office of EBSA, has been conducting an

12  investigation of the Plans, including service providers and

13  others related to the Plans, under ERISA § 504(a), 29 U.S.C. §

14  1134(a), to determine whether any person has violated or is

15  about to violate any provision of Title I of ERISA or any

16  regulation or order promulgated thereunder.  JDN Aff. at ¶ 2.

17        On March 20, 2008, EBSA served the Subpoena on Respondents,

18  seeking the production of certain documents necessary for its

19  investigation.  Id. at ¶¶ 7, 9.  The Subpoena required

20  Respondent to produce the responsive documents by March 28,

21  2008.  Id. at ¶ 9.

22        On March 24, 2008, Respondents' attorney, Larry Israel,

23  sent a fax acknowledging his clients' receipt of the Subpoena,

24  and answered the Subpoena by asserting a few objections and

25  stating that Respondents had no responsive documents other than

26  those to which the objections applied.  A true and accurate copy

27  of the fax is attached as Exhibit B to the Del Nero Affidavit.

28

1   Specifically, the Subpoena sought nine categories of documents.

2   JDN Aff., Exh. A.  The first concerns fees received for

3   valuation services provided to the Plans.  Respondents did not

4   produce any responsive documents nor did they object to this

5   request.  JDN Aff. ¶¶ 11-12, Exh. B.  Nevertheless, bank

6   statements, tax records and a Quickbook systems that should show

7   deposits of such fees are believed to be in Respondents'

8   possession.  JDN Aff. ¶ 8.  The second category requests all

9   documents related to the Plans.  Respondents have produced the

10  majority of these documents under a prior subpoena, but have

11  refused to perform a thorough search and have indicated

12  additional responsive documents exist.

13      The third and fourth categories request information to

14  identify other ERISA-governed Plans for which Respondents have

15  acted as a service provider.  Respondents object to these

16  requests as overly broad and burdensome and not relevant to

17  EBSA's current investigation.  JDN Aff., Exh. B.  These

18  objections are addressed below in section II.C. wherein the

19  Secretary shows that the requests are not overly broad or

20  burdensome, are sufficiently clear and concise, and are relevant

21  to the current investigation.

22      Respondents do not object to the fifth through seventh

23  categories of requested documents requesting all marketing

24  materials, including communications, and any fee sharing

25  agreements.  Respondents are believed to have some marketing

26  materials and emails and/or other communications discussing

27  their services.  JDN Aff. at ¶ 8.  There is no dispute that fee

28

agreements may not exist.  The final two categories request all appraisals Respondents have performed for ERISA-governed plans and the underlying documentation for those appraisals.  JDN Aff., Exh. A.  Respondents have objected that these requests are "overly broad, ambiguous, vague, uncertain, and without clear meaning."  JDN Aff., Exh. B.  As discussed below in section II.C., these objections are patently frivolous.

Despite EBSA and the undersigned's good faith attempts to secure compliance with the Subpoena, Respondents have failed to produce responsive documents.  Id. at ¶ 11.  Because Respondent has failed to produce the required records, the Secretary filed the current Petition to secure this Court's assistance in obtaining the necessary documents.

## II.  ARGUMENT

A.  An Administrative Subpoena *Duces Tecum* Issued Pursuant to a Legitimate Investigation and that Seeks Reasonably Relevant Documents Must be Enforced.

As the Supreme Court held over fifty years ago in the seminal case of Oklahoma Press Publishing Co. v. Walling, 327 U.S. 186, 201 (1946), an administrative subpoena enables a federal agency to fulfill its investigative burden; therefore, to invalidate an administrative subpoena is to question the power of Congress to delegate enforcement of federal laws.  As a result of this Supreme Court holding, a proceeding brought to enforce an administrative subpoena is summary in nature. E.E.O.C. v. Karuk Tribe Housing Authority, 260 F.3d 1071, 1078 (9th Cir. 2001); EEOC v. St. Regis Paper Co., 717 F.2d 1302,

1   1304 (9th Cir. 1983); accord Oklahoma Press Publishing, 327 U.S.

2   at 216-217.

3        The scope of the subpoena enforcement proceeding is narrow

4   because of the important governmental interest in the

5   expeditious investigation of possible unlawful activity.

6   E.E.O.C. v. Children's Hospital, 719 F.2d 1426, 1428 (9th Cir.

7   1983) (*en banc*) (finding that "the scope of the judicial inquiry

8   in an EEOC or any other agency subpoena enforcement proceeding

9   is quite narrow.") (overruled on other grounds).  Thus, while

10  the Court's function is neither minor nor ministerial, the scope

11  of issues to be litigated is limited to the question of whether

12  the agency issued the administrative subpoena for proper

13  investigatory purposes.  Oklahoma Press Publishing, 327 U.S. at

14  217.

15       An *en banc* panel of the Ninth Circuit Court of Appeals,

16  following the guidance of Oklahoma Press Publishing and its

17  progeny, set forth a test for the judicial enforcement of

18  administrative subpoenas.  Under that test, an agency

19  establishes a *prima facie* case for enforcing an administrative

20  subpoena if it shows: (1) Congress granted it the authority to

21  investigate; (2) the agency followed the necessary procedural

22  requirements for issuing a subpoena; and (3) the evidence sought

23  is relevant and material to the investigation.  Children's

24  Hospital, 719 F.2d at 1428; see also E.E.O.C. v. Karuk Tribe

25  Housing Authority, 260 F.3d at 1076 (holding that "courts must

26  enforce administrative subpoenas unless the evidence sought by

27

28

1  the subpoena is plainly incompetent or irrelevant to any lawful

2  purpose of the agency."). Both the Supreme Court and the Ninth

3  Circuit hold that a declaration from a government official is

4  sufficient to establish a *prima facie* case for the three

5  elements listed above. United States v. Stuart, 489 U.S. 353,

6  360 (1989); Children's Hospital, 719 F.2d at 1428.

7  Once EBSA makes this *prima facie* showing, then the court

8  must issue an order to show cause why the administrative

9  subpoena should not be enforced unless Respondent meets its

10 burden of providing compelling reasons why the subpoena should

11 not be enforced or should be enforced only in modified form.

12 United States v. Powell, 379 U.S. 48, 57-58 (1964). Although

13 compelling reasons can preclude enforcement, the only two

14 compelling reasons for non-enforcement identified by the Supreme

15 Court and the Ninth Circuit are that the agency's request is

16 over broad or unduly burdensome. Oklahoma Press Publishing, 327

17 U.S. at 217; Children's Hospital, 719 F.2d at 1428; F.D.I.C. v.

18 Garner, 126 F.3d 1138, 1143 (9th Cir. 1997).

19

20    B.    The Court Should Enforce EBSA'S Administrative
          Subpoena *Duces Tecum* Because the Subpoena Meets the
21        Ninth Circuits' Three-Prong Test for Enforcement.

22        1)    *Congress authorized the Secretary to conduct
              investigations and to issue administrative
              subpoenas duces tecum in furtherance of the
23            Secretary's ERISA enforcement obligations.*

24 The Subpoena in this case was issued by EBSA, an agency of

25 the United States Department of Labor. ERISA § 504, 29 U.S.C. §

26 1134, gives the Secretary broad authority to conduct

27 investigations to determine whether any person has violated or

28

is about to violate any provision of Title I of ERISA or any
regulation or order issued under that Title.  This investigatory
power includes the power to issue administrative subpoenas *duces
tecum* to compel the production of documents and to have them
enforced by the district court of the United States.  Id.  The
Ninth Circuit recognizes the Secretary's authority under ERISA
to issue administrative subpoenas and to enforce them in the
district courts of the United States.  Dole v. Milonas, 889 F.2d
885, 888 (9th Cir. 1989).  In Dole, the Ninth Circuit held:

> Section 1134(c) of that title [29 U.S.C.]
> also makes §§ 9 and 10 of the Federal Trade
> Commission Act ("FTC Act"), 15 U.S.C. §§ 49
> and 50, relating to compelling the attendance
> of witnesses and the production of documents at
> investigatory proceedings, applicable under
> ERISA.  The incorporated FTC Act provisions
> authorize the Secretary to petition for enforcement
> of her ERISA Title I subpoena in district court.

Id.  Thus, EBSA has statutory authority to issue administrative
subpoenas, such as the one issued here, in furtherance of its
investigation to determine whether any person, including
Respondents, have or are about to violate ERISA, and to have the
district court of the United States enforce such subpoena.

> 2)  *EBSA followed the necessary procedural
> requirements for issuing the administrative
> subpoena duces tecum.*

The administrative Subpoena *Duces Tecum* was issued by R.C.
Marshall, Regional Director of the Atlanta Regional Office of
EBSA, who as an authorized representative was delegated
authority from the Secretary to issue the Subpoena and who
determined that the Subpoena was appropriate to issue in
connection with the on-going investigation.  JDN Aff., Exh. A.

1    The Subpoena was properly served on Respondents, who

2    acknowledged receipt of the Subpoena.  JDN Aff. at ¶¶ 9-10.

3    Thus, the agency met the procedural requirements for proper

4    service of the administrative subpoena.

5            3)    *The information sought through the administrative*
                   *subpoena duces tecum is relevant and material to*
6                  *EBSA's investigation.*

7    Courts give broad latitude in determining whether documents

8    sought by administrative subpoenas are relevant and material.

9    In fact, courts extend to administrative investigations and to

10   subpoenas issued thereunder the same broad latitude as provided

11   to grand-jury investigations and their subpoenas.  Oklahoma

12   Press Publishing, 327 U.S. at 216; see also United States v.

13   Weingarden, 473 F.2d 454, 459 n.9 (6th Cir. 1973).  The Ninth

14   Circuit's test for relevance is "whether the information sought

15   *might assist* in determining whether any person is violating or

16   has violated any provision of Title I of ERISA."  Donovan v.

17   National Bank of Alaska, 696 F.2d 678, 684 (9th Cir. 1983)

18   (*emphasis added*).  Thus, under controlling precedent, the

19   Secretary's administrative subpoena *duces tecum* satisfies the

20   relevance standard where the Secretary demonstrates that the

21   material requested "might assist" EBSA in determining whether a

22   violation has occurred.  EBSA clearly has the authority to

23   review such documents in connection with its investigation.  As

24   ERISA makes clear:

25           The Secretary shall have the power, in order
             to determine whether any person has violated
26           or is about to violate any provision of this
             subchapter    or    any    regulation    or    order
27           thereunder to make an investigation . . . and
             to enter such places, inspect such books and

28

> records and question such persons as he may
> deem necessary to enable him to determine the
> facts relative to such investigations, if he
> has reasonable cause to believe there may
> exist a violation of this subchapter or any
> rule or regulation issued thereunder. . . .

ERISA § 504(a), 29 U.S.C. § 1134(a).

The current investigation of the Plans is being conducted to determine whether any person has violated or is about to violate any provision of Title I of ERISA.  JDN Aff. at ¶ 2. The purchase of employer stock in a closely-held corporation by an ERISA-governed plan from the employer, majority shareholder or other party-in-interest as defined by section 3(14) of ERISA is prohibited under section 406(a) and (b) of ERISA.  To avoid these transactions resulting in a violation of ERISA, they must meet the exemption in section 408, which requires, among other things, that the stock be purchased at or below fair-market value.

Respondents provide valuations for these closely-held corporations for the purpose of determining a value at which ERISA-governed plans will buy employer securities from a party-in-interest.  JDN Aff. at ¶¶ 6-7.  Thus, unless Respondents' valuations are at or below fair-market value, each transaction in which Respondents have provided a valuation is prohibited and a violation of ERISA.  Accordingly, EBSA's investigation includes whether Respondents' valuations exceeded fair-market value. Having reviewed these transactions, including Respondents' valuations, EBSA has determined that further investigation is warranted to determine whether there may be

1  violations of ERISA related to Respondents' valuations.  JDN
2  Aff. ¶ 6.

3      To complete its investigation, EBSA has sought nine
4  categories of documents, all of which are relevant to this
5  investigation in that they "might assist" EBSA in determining
6  whether violations of ERISA have occurred.  The first category
7  seeks documents related to Respondents' fees in providing the
8  valuations, which is relevant to determining whether fees paid
9  were reasonable and the amount of disgorgement that might be
10 sought, if a violation is determined.  The second category
11 requests all documents in any way related to the valuation
12 services provided to Bruister and the Plans and are directly
13 relevant to the investigation.  The third and fourth categories
14 seek to identify other ERISA-governed plans for whom Respondents
15 have provided similar services to allow EBSA to verify
16 information Respondents provide in response to categories eight
17 and nine, and assist EBSA in determining whether any violation
18 of ERISA may have occurred in other similar transactions for
19 which Respondents provided the valuation.   Categories five and
20 six seek marketing materials and communications related to
21 Respondents providing valuation services in transactions similar
22 to those being investigated.  Finally, categories eight and nine
23 seek valuations Respondent has performed for similar
24 transactions and all underlying documentation, which may, among
25 other things, shed light on the methodology and validity of the
26 valuations provided to the Plans and assist EBSA in determining
27
28

whether violations may have occurred in other transactions for which Respondents provided the valuation.

As the Secretary has made a *prima facie* showing that EBSA has the authority to issue the administrative Subpoena, that the Subpoena was properly issued and that the information sought is reasonably relevant, EBSA is entitled to the issuance of an order to show cause why the administrative Subpoena should not be enforced.  See <u>Powell</u>, 379 U.S. at 57-58.

C.  <u>The Court Should Enforce EBSA's Administrative</u>
    <u>Subpoena *Duces Tecum* Because Respondents Have Not</u>
    <u>Provided and Cannot Provide Compelling Reasons for</u>
    <u>Non-Compliance</u>.

Respondents have not objected to categories one, five, six or seven.  Respondents' objections to the other categories consist of challenging the relevancy of categories three and four, and asserting that categories 3-4 and 8-9 are vague, ambiguous, overly broad and burdensome.

A challenge to an administrative subpoena on relevancy grounds must demonstrate that there is no reasonable possibility that the category of materials the government seeks will produce information relevant to the general subject of its investigation.  <u>Cf.</u> <u>United States v. R. Enterprises, Inc.</u>, 498 U.S. 292, 301 (1992 (addressing grand-jury subpoena).  This principle has been explained as follows:

> [I]n the pre-complaint stage, an investigative agency is under no obligation to propound a narrowly focused theory of a possible future case.  Accordingly, the relevance of the agency's subpoena requests may be measured only against the general purposes of its investigation.

F.T.C. v. Texaco, Inc., 555 F.2d 862, 874 (D.C. Cir.), cert. denied, 431 U.S. 974 (1977).   In the previous section, the Secretary met her burden of showing that the documents "might assist" in her investigation especially given the "broad latitude" courts extend to administrative subpoenas.  See Oklahoma Press Publishing, 327 U.S. at 216; National Bank of Alaska, 696 F.2d at 684; Weingarden, 473 F.2d at 459. Categories three and four seek to identify other ERISA-governed plans for which Respondents have provided valuation services in similar transactions.  This information will allow EBSA to verify information Respondents provide in response to categories eight and nine, and assist EBSA in determining whether any violation of ERISA may have occurred in other similar transactions for which Respondents provided the valuation. Accordingly, Respondents have not and cannot meet their burden of showing that these documents are not relevant.

    Respondents remaining objections are similarly without merit in that the Subpoena sufficiently lists, identifies and describes the documents being sought and limits them to only those created since 2002.  See JDN Aff., Exh. A.  To prevail on their unduly broad and burdensome objections, Respondents must show that "compliance will unduly disrupt or seriously hinder normal business operations."  EEOC v. Citicorp Diners Club, Inc., 985 F.2d 1036, 1040 (10th Cir. 1993) (finding allegation that it would take six months and two employees working full time on the request insufficient to establish that the request

1   was unduly burdensome); see also EEOC v. Maryland Cup Corp., 985

2   F.2d, 478, 479 (9th Cir. 1993); NLRB v. Carolina Food Processors,

3   Inc., 81 F.3d 507, 513 (4th Cir. 1996); NLRB v. G.H.R. Energy

4   Corp., 707 F.2d 110, 114 (5th Cir. 1982).  Here, Respondents have

5   admitted that they retain very few documents, which should make

6   the number of responsive documents very limited.  Nevertheless,

7   Respondents claim that it could take hundreds of hours and

8   thousands of dollars to comply.  JDN Aff., Exh. B.  Although

9   that would not likely be unduly burdensome, Respondents were

10  told they could produce the documents as kept in the ordinary

11  course of business to substantially reduce their alleged burden.

12  See Garner, 126 F.3d at 1146 (finding that despite fact that

13  subpoena sought more than a million documents, appellants failed

14  to enunciate how the requests constituted a mere fishing

15  expedition given the scope of the investigation).  Respondents

16  declined the offer.  Accordingly, Respondents have not met their

17  burden of showing that the Subpoena is unreasonable by being

18  overly broad or burdensome.  To the contrary, the documents the

19  Secretary requested are narrowly focused on documents related to

20  valuations Respondents performed since 2002, all of which EBSA

21  understands are located in Donnelly's residential apartment in

22  Oakland, California.  As such, the Subpoena is not indefinite,

23  unreasonable, or overreaching, but comes within the Secretary's

24  enforcement powers and must be enforced. See Powell, 379 U.S. at

25  57-58; Oklahoma Press Publishing, 327 U.S. at 217; Garner, 126

26  F.3d at 1143; Children's Hospital, 719 F.2d at 1428.

27

28

III. **CONCLUSION**

The Secretary has met her burden of establishing that she is engaged in legitimate law enforcement inquiries and that the documents requested in the Subpoena are relevant to those investigations.  Respondents have asserted no reasonable justification for its refusal to comply with the Subpoena. Accordingly, for all the reasons set forth above, the Petition to enforce the Secretary's administrative Subpoena should be granted.


Dated:    August 28, 2008


                              GREGORY F. JACOB
                              Solicitor of Labor

                              STANLEY E. KEEN
                              Regional Solicitor

                              ROBERT M. LEWIS, JR.
                              Counsel for ERISA

                              By: _____
                                 DANE L. STEFFENSON
                                 Trial Attorney

                              Attorneys for Petitioner
SOL Case No. 08-60050         U.S. Department of Labor