STANLEY E. KEEN
Regional Solicitor
ROBERT M. LEWIS, JR.
Counsel for ERISA
DANE L. STEFFENSON
GA Bar No. 677780
Trial Attorney
Office of the Solicitor
UNITED STATES DEPARTMENT OF LABOR
61 Forsyth St., Room 7T10
Atlanta, Georgia  30303
Telephone (404) 302-5435
Fax (404) 302-5438
Email:  Steffenson.dane@dol.gov

Attorneys for Petitioner,
United States Department of Labor

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ELAINE L. CHAO,<br>Secretary of Labor,<br>United States Department of Labor,<br><br>        Petitioner,<br><br>        v.<br><br>MATTHEW J. DONNELLY and THE<br>BUSINESS APPRAISAL INSTITUTE,<br><br>        Respondents. | Civil Case No.<br>_____ |

**AFFIDAVIT IN SUPPORT OF**
**PETITION TO COMPEL RESPONDENTS**
**TO PRODUCE DOCUMENTARY EVIDENCE**

STATE OF GEORGIA    )
                                    )
COUNTY OF FULTON  )

   Jennifer Del Nero, being duly sworn, deposes and says:

   1.   I am an investigator for the Employee Benefits Security Administration, United States Department of Labor

*Declaration of Investigator Jennifer Del Nero in Support of        Page- 1*
*Secretary's Petition to Enforce Subpoena*

1  ("EBSA"), and work in EBSA's Atlanta Regional Office located in
2  Atlanta, Georgia.  I am over 18 years of age and have personal
3  knowledge of all matters related in this Affidavit.
4       2.   In the course of my official duties, I have been
5  conducting investigations of the Bruister & Associates Employee
6  Stock Ownership Plan (the "ESOP") and the Bruister & Associates
7  Eligible Individual Account Plan (the "EIAP")(collectively, the
8  "Plans"), including service providers and others related to the
9  Plans, to determine whether any person has violated or is about
10 to violate any provision of Title I of the Employee Retirement
11 Income Security Act of 1974 ("ERISA"), or any regulation or
12 order issued thereunder.
13      3.   During the course of my investigation, I learned that
14 Respondents Matthew J. Donnelly ("Donnelly") and the Business
15 Appraisal Institute ("BAI") provided valuation services to
16 Bruister & Associates, Inc. ("Bruister"), a closely-held
17 corporation, and the Plans for several transactions in which the
18 Plans purchased Bruister stock, which has no generally
19 recognized market, from a party-in-interest.
20      4.   Donnelly is a California resident residing at 180 2nd
21 Street, Suite 419, Oakland, California 94607.  Donnelly owns and
22 conducts business as The Business Appraisal Institute ("BAI")
23 pursuant to a Fictitious Business Name filed with the County of
24 San Francisco on April 1, 2003.  BAI has a mailing address in
25 San Francisco, but the work Donnelly performs as BAI is
26 performed at his residence in Oakland.

*Declaration of Investigator Jennifer Del Nero in Support of          Page- 2*
*Secretary's Petition to Enforce Subpoena*

5.  Section 406(a) and (b) of ERISA, 29 U.S.C. § 1106(a) and (b), prohibits the transactions described in paragraph 3 unless the transaction is exempt under Section 408(e) of ERISA, 29 U.S.C. § 1108(e), requiring, among other conditions, that the acquisition or sale of stock having no generally recognized market is for adequate consideration, which is defined, in Section 3(18) of ERISA, 29 U.S.C. §1002(18), as "the fair market value of the asset as determined in good faith by the trustee or named fiduciary pursuant to the terms of the plan and in accordance with regulations promulgated by the Secretary" when, as here, there is no generally recognized market.

6.  To determine the amount the Plans would pay for the Bruister stock, the Plans' fiduciaries retained Donnelly and BAI (the "Respondents") to perform valuations to determine the fair-market value of Bruister stock.  Facts have arisen during the investigation requiring further investigation to determine whether or not there may be violations of ERISA related to Respondents' valuations.

7.  During the investigation, I have also learned that Respondents provided similar valuation services to other ERISA-covered plans and plan sponsors in connection with similar transactions involving employer securities that have no generally recognized markets.  Such valuations and the methodologies, purpose and use of such valuations are directly relevant to the investigation and in determining whether there may be violations of ERISA.  Accordingly, it is necessary for me to have access to and examine all documents sought in the

*Declaration of Investigator Jennifer Del Nero in Support of        Page- 3*
*Secretary's Petition to Enforce Subpoena*

1  subpoena from Respondents in order to determine whether any
2  person, including Respondents, have violated or are about to
3  violate ERISA with respect to these issues.
4      8.   Based upon my investigation, I have reason to believe
5  that documents, including computer(s) with Quickbooks and other
6  electronic files, involving valuation services and the actual
7  valuation of assets of various ERISA-covered Plans are in the
8  possession of Respondents in Oakland, California.  All such
9  documents are needed to determine and evaluate the methodology
10 and validity of the valuation and extent of possible violations
11 of Title I of ERISA.
12     9.   On or about March 20, 2008, Respondents received by
13 certified mail the subpoena dated March 13, 2008, requiring them
14 to produce certain documents and records and to appear at the
15 EBSA office in Atlanta, Georgia on March 28, 2008.  The subpoena
16 was signed by the Regional Director of EBSA, R.C. Marshall.  A
17 true and accurate copy of the subpoena and return receipt are
18 attached as Exhibit A to this Affidavit.
19     10.  On March 24, 2008, Respondents' attorney, Larry Israel,
20 sent a fax acknowledging his clients' receipt of the subpoena,
21 and answered the subpoena by asserting a few objections and
22 stating that Respondents had no responsive documents other than
23 those to which the objections applied.  A true and accurate copy
24 of the fax is attached as Exhibit B to this Affidavit.
25     11.  Under a prior subpoena, Respondents produced most
26 documents that they possess related to the Bruister Plans.
27 However, Respondents have not produced documents related to
28

*Declaration of Investigator Jennifer Del Nero in Support of           Page- 4*
*Secretary's Petition to Enforce Subpoena*

billing or amounts Respondents have received for their services, or communications and other documents related to services provided to ERISA-governed plans other than the Bruister Plans.

12.  To date, Respondents have provided no documents responsive to paragraphs 1 or 3-9 of the subpoena served on Respondents in this matter.

                                                   Jennifer Del Nero
                                                   Investigator

Subscribed and sworn to before me this 28th day of August, 2008.


NOTARY PUBLIC
My Commission Expires

*Declaration of Investigator Jennifer Del Nero in Support of Secretary's Petition to Enforce Subpoena*     Page- 5